UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR J. DIETRICH,

        Plaintiff,

                              Case No. 15-cv-13820
                              HON. GERSHWIN A. DRAIN

vs.

2010-1-CRE-MI RETAIL, LLC,

        Defendant,

_____/

## ORDER DENYING PLAINTIFF'S MOTION SEEKING RECONSIDERATION [#44]

### I.  INTRODUCTION

Presently before the Court is the Plaintiff's Motion for Reconsideration, filed on July 13, 2016. Specifically, Plaintiff seeks reconsideration of this Court's Order Granting the Defendant's Motion to Set Aside Entry of Default. *See* Dkt. No. 40.  For the reasons that follow, the Court will deny Plaintiff's present motion.

### II.  STANDARD OF REVIEW

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

Generally, and without restricting the Court's discretion, the Court will

> not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

A party may also move pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of a court's prior ruling. Reconsideration is generally warranted under Rule 59(e) "if there is clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Similar to the local rule, Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit

evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp.2d 721, 726 (E.D. Mich. 2000). A Rule 59(e) motion is "an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

### III. LAW & ANALYSIS

Here, Plaintiff raises the same arguments in the instant motion that he argued in his Response in Opposition to Defendant's Motion to Set Aside Entry of Default. It is well-settled that motions brought pursuant to either Local Rule 7.1(h) or Rule 59(e) of the Federal Rules of Civil Procedure are not properly before the Court where they merely "re-hash old arguments" or where they are used to "relitigate previously considered issues . . . ." *Smith ex rel. Smith*, 298 F. Supp. 2d at 637; *Kenneth Henes Special Projects Procurement*, 86 F. Supp.2d at 726.

It is evident that Plaintiff is dissatisfies with this Court's rejection of his arguments and decision to set aside the default in this matter. However, Plaintiff continues to argue that Defendant was served with the Summons and Complaint in this matter by virtue of mailing said documents to Defendant's counsel. Plaintiff

asserted this same argument in his prior briefing and the Court rejected it because counsel had not agreed to accept service on behalf of Defendant and was not a registered agent of Defendant. As such, default was improperly entered in this matter since Defendant had not been properly served with the Summons and Complaint. Fed. R. Civ. P. 4(h). Moreover, Defendant established good cause for setting aside the default and Plaintiff has offered no evidence to the contrary. Rather, Plaintiff merely reasserts his previously rejected arguments. Relief under Local Rule 7.1(h)(3) or Rule 59(e) of the Federal Rules of Civil Procedure is therefore unwarranted.

## IV. CONCLUSION

Accordingly, Plaintiff has failed to demonstrate that he is entitled to relief under Rule 7.1(h)(3) or Rule 59(e). Plaintiff's disagreement with this Court's conclusion does not amount to a palpable defect by which this Court has been misled, nor that the Court committed a clear error of law. For the reasons articulated above, Plaintiff's Motion for Reconsideration of the Court's Order Setting Aside Default [#44] is DENIED.

SO ORDERED.


Dated: July 14, 2016             /s/ Gershwin A. Drain
                                 GERSHWIN A. DRAIN
                                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Edgar J.
Deitrich, 15832 Windmill Pointe, Grosse Pointe Park, MI 48230, on
July 14, 2016, by electronic and/or ordinary mail.

/s/ Shawna Burns on behalf of Tanya Bankston
Case Manager