UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR J. DIETRICH,

        Plaintiff,

                                 Case No.: 2:15-cv-13820

v.                                   Honorable Gershwin A. Drain

2010-1-CRE MI-RETAIL, LLC,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 OR, IN THE ALTERNATIVE, TO DISMISS UNDER RULE 12(B)(6) [#47] AND CANCELING HEARING

## I.    INTRODUCTION

Presently before the Court is the Defendant's Motion to Dismiss under Rule 12(b)(6), filed on August 2, 2016. Plaintiff has failed to file a Response to Defendant's present motion, and the time for doing so has expired. *See* E.D. Mich. L.R. 7.1(e)(1)(B)("A response to a dispositive motion must be filed within 21 days after service of the motion."). Upon review of the Defendant's present motion, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the present motion on the submitted brief and will cancel the hearing set for November 1, 2016. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons that follow, the Court will grant Defendant's present motion.

## II.   FACTUAL BACKGROUND

Defendant was the holder of loan documents executed by The Edgar J. Dietrich Family Irrevocable Trust ("Borrower"), Eric Justin Dietrich and Maplewood Custom Millwork, LLC ("Guarantors") and Michigan Heritage Bank pursuant to assignments from the FDIC as receiver for Michigan Heritage Bank and from 2010-1-CRE Venture, LLC.  Borrower borrowed over $450,000.00 from Defendant's predecessor in interest which was guaranteed by Guarantors and secured by a mortgage on real property located at 6332 Middlebelt Road, Garden City, Michigan 48135 (the "Property"). The Property was transferred from Borrower to the Le Chateau Art Gallery & Custom Framing ("Art Gallery") subject to Defendant's mortgage lien.  Borrower and Guarantors defaulted under their loan documents and Defendant commenced action in Wayne County Circuit Court, case number 13-013725-CH.  Defendant sought the appointment of a receiver over the Property and for judgment against Guarantors on their guaranties.

On March 11, 2014, Judge Sheila Ann Gibson of the Wayne County Circuit Court entered an Order Appointing Receiver Basil T. Simon as the receiver over the Property with the power to sell the Property.  During the Wayne County litigation, Mr. Dietrich sought to intervene in the case, which was denied on September 15, 2014.  The Receiver sold the Property following approval from the

Wayne County Circuit Court and the Receiver was discharged on July 20, 2014.

On September 25, 2015, Plaintiff filed this case alleging violation of the Fourth Amendment (Count I), conversion (Count II) and abuse of process (Count III). On November 10, 2015, the Court entered an Order granting Plaintiff's request to proceed *in forma pauperis* and request for service by the United States Marshal Service. For an unknown reason, the United States Marshal failed to serve Defendant.

On February 29, 2016, Plaintiff filed a proof of service showing that the Summons and a copy of the Complaint were purportedly served by first class mail to the Defendant's counsel. However, Defendant's counsel never agreed to accept service and had not discussed the matter with Plaintiff nor Defendant. Based on Plaintiff's representation that he had served Defendant, the Clerk of the Court entered a default on April 13, 2016. Thereafter, Defendant retained counsel who sent a letter to Plaintiff requesting that the default be set aside. Plaintiff failed to respond, failed to set aside the default and has repeatedly sought entry of default judgment, which has been denied by the Clerk of the Court. On June 27, 2016, this Court granted Defendant's Motion to Set Aside Default.

## III.   LAW & ANALYSIS

### A.  Standards of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an

assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A]

4

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The

procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S.

253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### B.    Defendant's Motion to Dismiss

In Count I, Plaintiff alleges 42 U.S.C. § 1983 unlawful taking in violation of the Fourth Amendment. To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

Defendant is a Delaware limited liability company that held a valid first mortgage on the Property. Thus, Defendant is not a state actor and Plaintiff fails to state a claim upon which relief may be granted.

In Count II, Plaintiff brings a conversion claim. Under Michigan law, common law conversion requires the following elements: (1) a distinct act of dominion, (2) wrongfully exerted, (3) over another's personal property. *Check Reporting Servs., Inc. v. Mich. Nat'l Bank-Lansing*, 191 Mich. App. 614, 626; 478 N.W.2d 893 (1991). The act is wrongful when it is inconsistent with the

ownership rights of another.  *Id.*

None of the elements required for a conversion claim are present here. Defendant did not exert an act of dominion over the property, rather the Wayne County Circuit Court appointed a Receiver to marshal and liquidate Defendant's collateral.  Second, the dominion exerted by the Receiver was not wrongful. Finally, the alleged control was exerted over real property, not personal property. Count II is likewise subject to dismissal under Rule 12(b)(6).

Lastly, Plaintiff's Count III, which alleges abuse of process, is actually an unpermitted collateral attack on the decisions of the Wayne County Circuit Court. Plaintiff was a non-party in the Wayne County Circuit Court action.  He had no legal interest in the proceedings.  He has failed to allege a colorable claim that he is entitled to relief on his abuse of process claim.

## IV.    CONCLUSION

For the reasons articulated above, Defendant's Motion for Summary Judgment under Rule 56 or, in the Alternative, to Dismiss under Rule 12(b)(6) [#47] is GRANTED.

SO ORDERED.

Dated:  October 25, 2016                              /s/Gershwin A. Drain
                                                      GERSHWIN A. DRAIN
                                                      United States District Judge

8

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 25, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk